UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCELINO GONZALEZ,

  Petitioner,

v.            Case No: 2:13-cv-267-FtM-29DNF

STATE OF FLORIDA and FLORIDA
ATTORNEY GENERAL,

  Respondents.[1]

_____

**ORDER OF DISMISSAL**

  This matter is before the Court on a petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2254 (Doc. 1, filed Apr. 8, 2013). Petitioner, proceeding *pro se*, asserts that he is entitled to thirteen years' credit on his fifteen-year sentence for trafficking in cocaine. Id. at 4. Specifically, Petitioner argues that he was mistakenly released from Department of Corrections ("DOC") custody before commencement of his sentence and remained at large for thirteen years prior to recapture. Id. Petitioner asserts that his sentence continued to run while he was at liberty, and he is now serving a sentence beyond his original release date. Id. at 2.

---

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004)(citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Upon review of the record the Court concludes that this case must be dismissed as moot.  Alternatively, the case is dismissed due to Petitioner's failure to update his address with the Court.

I.   **Background and Procedural History**

On June 15, 1989, Petitioner was arrested and charged with trafficking in a controlled substance in Collier County, Florida (App. at 53-54, 281).[2]  Petitioner was released on his own recognizance, but did not appear at subsequent hearings, and a bench warrant was issued for his arrest. Id.  He was arrested on the bench warrant more than five years later. Id.

On April 23, 1996, Petitioner pleaded guilty to trafficking in cocaine and received a fifteen-year prison sentence (App. at 53-54, 285).  Prior to being sent to the Florida Department of Corrections to begin his fifteen-year sentence, Petitioner was taken to Hillsborough County to face charges for failure to redeliver a hired vehicle (App. at 55).  He was sentenced to time served in that case, and Hillsborough County mistakenly released him on June 6, 1996 due to the Department of Corrections' failure to file a detainer (App. at 48, 54, 286).

Thirteen years later, Petitioner was arrested in New York for using his brother's Metro Card to ride the subway (App. at 53).

---

[2] Citations to the appendix is to the one filed by Respondents on October 11, 2013 (Doc. 14-1; Doc. 14-2; Doc. 14-3).

Petitioner was returned to Florida in 2009 and began service of his fifteen year sentence (App. at 48, 54, 286).

On June 21, 2010, Petitioner filed a *pro se* petition for writ of habeas corpus in Liberty County, Florida in which he asserted that he should receive credit towards his fifteen year sentence for the thirteen years spent at liberty because it was not his fault that Hillsborough County Jail mistakenly released him (App. at 6-20).

The Department of Corrections asked Liberty Correctional Institution to conduct an "out time investigation" so that Petitioner could give his side of the story (App. 27 -29). At the hearing, Petitioner explained that he went to the Hillsborough County Courthouse for charges of failure to redeliver a hired vehicle. The judge gave him credit for time served, and upon his return to the jail, he was mistakenly released (App. at 51). Petitioner was asked whether he thought he was supposed to be released and he replied, "no." (App. at 51). He also admitted that he did not think he had served his sentence, was not entitled to release, and made no effort to contact the Florida Department of Corrections to clarify his status. Id. at 53.

The hearing officer determined that Petitioner was not entitled to out-time credit because he "was aware of the error and made no attempt to notify the releasing authority" or the Department of Corrections (App. at 51-55). The DOC agreed and

denied Petitioner credit for the time he spent out of custody after the mistaken release (App. at 48-50).

On September 23, 2010, the DOC filed a response to Petitioner's state habeas petition and argued that, under Florida law, he was not entitled to credit for time spent out of custody (App. at 33-77). Petitioner filed a reply in which he asserted, for the first time, that he actually had "contacted the Florida Department of Corrections regarding his status and had been told no record existed of his sentence. He provided his name, date of birth and address where he could be located. Moreover, he contacted the Collier County Jail with his address for the return of his GED certificate." (App. at 117).

The circuit court denied Petitioner's state petition for writ of habeas corpus (App. at 168-75). The court recognized that an offender who is forced to interrupt his sentence due to no fault on his part may be entitled to credit for time spent out of prison following the interruption of his sentence. Id. at 171 (citing White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930)). However, the court further recognized that "[a]n offender who consents or otherwise acquiesces to interruption in his sentence is not entitled to credit for time spent out of custody because he is not without fault." (App. at 71). The court concluded:

> Unlike the inmate in Pearlman, Petitioner Gonzalez has provided no indication whatsoever that he was forced to leave. Gonzalez knew he had been lawfully sentenced to serve 15 years and had not yet arrived at prison. He

> freely admitted that he knew he was being released in error, yet he walked out of the Hillsborough County jail without objection. Gonzalez had 13 years to notify an authority of his mistaken release, but he failed to do so. Since Petitioner Gonzalez acquiesced to the interruption of his sentence, he is not entitled to the relief he seeks.
>
> . . .
>
> A prisoner like Gonzalez, who knows he is being released in error and offers no objection to the release, is seeking to capitalize on the error, and thus cannot thereafter claim he has been harmed.

(App. at 171-73). Petitioner appealed the circuit court's ruling, and the First District Court of Appeal treated his appeal as a petition for writ of certiorari and ordered a response from the DOC (App. 190-206). In his reply to the response, Petitioner argued, for the first time, that he does not speak English and it was the language barrier that caused the "fundamental miscarriage of justice" at issue (App. at 249-63). On July 11, 2012, the First District denied the petition on the merits in an unelaborated decision. Id. at 265.

Petitioner filed the instant petition on April 8, 2013 (Doc. 1). He makes four general arguments in the petition. He asserts that: (1) he is entitled to credit for time served out of custody because it was not his fault that he was released in error; (2) he was not at fault for the error because he did not understand English and was not provided a translator during his conviction proceedings; (3) he was entitled to a translator during the

Department of Correction's investigation of the release; and (4) his constitutional right against self-incrimination was violated by Florida's rule that a person released in error must alert authorities to the erroneous release (Doc. 1 at 4-12). He seeks immediate release from DOC custody. Id. at 12.

Respondent filed a response on October 11, 2013, arguing that Petitioner failed to exhaust the last three claims (Doc. 14 at 16). Respondent also contends that Petitioner is not entitled to credit for the thirteen years spent at liberty because he knew he was on his way to prison to serve a 15-year sentence, and he knew that the Hillsborough County authorities mistakenly released him. Id. at 29.

On October 28, 2013, Petitioner asked for an extension of time to reply to the response (Doc. 15). Petitioner noted that he was due to be released from the DOC on November 3, 2013, and needed an extension of time to file a reply in order to find an attorney and to "[adjust] to society." Id. at 2. Petitioner provided a Brooklyn, New York address as his residence after November 3, 2013. Id. Despite being granted an extension of time to file a reply, none was filed (Doc. 16).

On November 3, 2013, Petitioner notified the Court that he had been released from prison, but had been taken into Immigration and Customs Enforcement ("ICE") custody and was being held at the Wakulla County Jail in Crawfordville, Florida (Doc. 17). Petitioner filed no other changes of address with this Court

despite orders from this Court on April 9, 2013 and June 27, 2013 requiring him to keep the court apprised of his current address at all times (Doc. 4 at 2; Doc. 10 at 4).  On June 27, 2013, Petitioner was cautioned that his failure to update his address with the Court could result in the dismissal of this action (Doc. 10 at 4).

On March 13, 2015, this Court ordered Petitioner to show cause why the instant petition should not be dismissed as moot (Doc. 18).[3]  In the order, the Court noted that Petitioner challenged only his continued detention, and did not challenge his underlying conviction. Id.  In an abundance of caution, the Clerk mailed the order to show cause to both the Wakulla County Jail address and the New York address previously provided by Petitioner on October 28, 2013.  On March 19, 2015, the Wakulla County Jail returned the order with a note that Petitioner was no longer being held there.  The order sent to the New York address has not been returned to the Court.  Petitioner did not respond to the order to show cause and has still not filed an updated address.  A search of the Florida DOC website indicates that Petitioner was released from their custody on November 3, 2013.[4]

---

[3] Although neither party has urged that Petitioner's release from DOC custody has rendered this case moot, "resolution of the question is essential [if this court is] to function within [its] constitutional sphere of authority." North Carolina v. Rice, 404 U.S. 244, 246 (1971); see discussion infra Part II (Discussion).

[4] See http://www.dc.state.fl.us/InmateReleases

**II. Discussion**

    **A.  This case is subject to dismissal because the Court has no jurisdiction to consider it**

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision[.]" Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  A federal court lacks the power to decide questions that cannot affect the rights of litigants before it. Powell v. McCormack, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) ("[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").  A case that is moot must be dismissed for lack of jurisdiction. Id.

In the habeas context, a prisoner's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the

conviction." Spencer v. Kemma, 523 U.S. 1, 7 (1998). Once a sentence has expired, however, some continuing injury, also referred to as a "collateral consequence," must exist for the action to continue. Id. The Supreme Court was previously willing to presume that such collateral consequences remain after the expiration of a petitioner's sentence where it is the legality of the *conviction* that is challenged. Carafas v. LaVallee, 391 U.S. 234, 237–238 (1968); Sibron v. New York, 392 U.S. 40, 55 (1968). However, where a petitioner is challenging only the legality of his or her *sentence*, this presumption no longer applies. Lane v. Williams, 455 U.S. 624, 632–33 (1982) (declining to extend the presumption of collateral consequences in the context of a challenge to a mandatory parole violator term when, during the pendency of the litigation, the term expired); Spencer, 523 U.S. at 14 ("declin[ing] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation" once that term expired).

Here, Petitioner does not challenge his conviction or the length of his sentence as it was originally imposed. Petitioner questions only the DOC's execution of his sentence – specifically, whether his "out-time" should be counted against his total sentence. As relief, Petitioner requests that the Court order his immediate release from DOC custody (Doc. 1 at 12). The record establishes that Petitioner has already been released from DOC custody (Doc. 17; discussion supra Part I (Background)). Although

it appears that Petitioner may currently be in custody of ICE (Doc. 17), the petition does not challenge the validity or reasonableness of the ICE detainer, nor does Petitioner seek release from ICE custody or argue that there are any immigration consequences to the DOC's sentence calculation. A pronouncement by this Court concerning Petitioner's § 2254 allegations could not now affect his rights, and he no longer has a personal stake in the outcome; accordingly, this case is moot. See Rice, 404 U.S. at 248 (remanding case to court of appeals to consider mootness issue because the petitioner's sole clam related to a sentence he had completely served); see also United States ex rel. Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); United States v. Goss, 96 F. App'x 365 (6th Cir. 2004) (defendant's objections to sentencing calculation were moot once he had served his sentence); Walton v. Holinka, No. Civ. 07-2121 MJD/FLN, 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008) ("Where the habeas petition only challenges the continued detention, there is no actual case or controversy for the court to decide because the petitioner is no longer being detained and any order from the

court requiring release of such a petitioner would not have any effect.").

### B. The petition is subject to dismissal due to Petitioner's failure to update his current address

On April 9, 2013 and June 27, 2013, Petitioner was ordered to keep the court apprised of his current address at all times (Doc. 4 at 2; Doc. 10 at 4). He was cautioned that his failure to do so could result in the dismissal of this case without further notice (Doc. 10 at 4). On November 14, 2013, Petitioner informed the Court that he was being held at the Wakulla County Jail, 15 Oak Street, Crawfordville, Florida 32327 (Doc. 17). Subsequently, the Court sent mail to Petitioner on March 19, 2015 which was returned as undeliverable because Petitioner was no longer at the Wakulla County Jail. Petitioner has filed no further updates with this Court.

Accordingly, this case is subject to dismissal due to Petitioner's failure to notify the Court of his current address.

### III. Conclusion

Petitioner's only objective in bringing this habeas action was to be released from DOC custody based upon his assertion that the DOC had erroneously concluded that he was not entitled to credit against his sentence for time spent out of custody. Petitioner has since been released from DOC custody, and there is no longer a case or controversy to litigate. Therefore his habeas

claims are moot, and this Court lacks jurisdiction to consider them.

Alternatively, this case is subject to dismissal due to Petitioner's failure to notify the Court of his current address.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Marcelino Gonzalez (Doc. 1) is **DISMISSED** without prejudice because this Court no longer has jurisdiction to consider it. Alternatively, the case is dismissed without prejudice due to Petitioner's failure to notify the Court of his current address.

3. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __13th__ day of April, 2015.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Marcelino Gonzalez
Counsel of Record